UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| EDDIE TAYLOR, JR., )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 1:06-CV-182 CAS |

**MEMORANDUM AND ORDER**

This matter is before the Court on federal prisoner Eddie Taylor, Jr.'s motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. On March 10, 2005, Taylor was charged in a superseding indictment with distribution of cocaine base (Count I); possession of pseudoephedrine with intent to manufacture methamphetamine (Count II); attempting to manufacture methamphetamine (Count III); and being a felon in possession of ammunition (Count IV). Prior to trial, Count I was severed, and Taylor proceeded to trial on Counts II, III, and IV of the indictment. On June 14, 2005, a jury found movant guilty on all three counts.

On August 16, 2005, the Court sentenced Taylor to a term of 210 months for the offense of possession with intent to manufacture methamphetamine, and 240 months for the offenses of attempting to manufacture methamphetamine and being a felon in possession of ammunition. The sentences were ordered to run concurrently. The court imposed a three year period of supervised release on Count II, a eight year period of supervised release as to Count III, and a five year period of supervised release as to Count IV.

On October 31, 2005, Taylor filed his appellate brief with the Eighth Circuit Court of Appeals. He alleged the trial court erred in: (1) denying the defendant's motion for judgment of acquittal as to Count IV because the evidence was insufficient to support a conviction; (2) denying

Taylor's motion to sever Counts II and III from Count IV; (3) permitting a constructive amendment to the indictment and a variance between the indictment and the evidence; and (4) admitting evidence of Taylor's prior drug distribution and use pursuant to Rule 404(b) of the Federal Rules of Evidence.

The Eighth Circuit affirmed the conviction. See United States v. Taylor, 2006 WL 1069545 (8th Cir. Apr. 24, 2006). In the § 2255 motion now before the Court, Taylor asserts three claims. The Court will address each in turn.

**Legal Standard**.

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which the petitioner complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir. 1987) (citing Kaufman v. United States, 394 U.S. 217 (1969)).

**Discussion.**

In his § 2255 motion, Taylor asserts three grounds for relief, summarized as follows:

Ground I:  Taylor's conviction was the result of the government withholding exculpatory evidence from the defense.

Ground II: Taylor's conviction was the result of ineffective assistance of counsel.

Ground III: The sentencing guidelines were mandatory, and the Court did not have jurisdiction to impose an "advisory only" sentence.

Ground I

Movant's first claim is that he was convicted based upon an unconstitutional failure of the government to disclose evidence favorable to him. Specifically, he states that the government withheld the exculpatory testimony of his girlfriend, Theresa Dyer, who would have testified that she bought the pseudophedrine pills on December 6, 2004, and that defendant had nothing to do with the purchases. Movant attaches to his motion a letter from Ms. Dyer, stating that she told movant that she was shopping for Christmas gifts when actually she was buying the pseudophedrine pills. The letter states that although movant drove her to the stores, gave her the money, and often accompanied her inside the stores, he did not know that she was purchasing pills. Movant also attaches to his motion an affidavit of Ms. Dyer, in which she states that movant had no knowledge that she was buying the pseudophedrine pills. The government responds that movant's allegation, stating that evidence of Ms. Dyer was not suppressed, and even assuming it was, movant cannot establish materiality.

To succeed on this claim, movant must establish that "(1) the prosecution suppressed evidence, (2) the evidence was favorable to him, and (3) the evidence was material to either his guilt or his punishment." Mandacina v. United States, 328 F.3d 995, 1001 (8th Cir. 2003) (internal punctuation omitted). To establish materiality, movant must show there is a reasonable probability that if the evidence had been disclosed at trial the result of the proceeding would have been different. Id.

Movant's claim fails for several reasons. First, there is no evidence that the prosecution suppressed the evidence. As the Eighth Circuit has acknowledged, the government does not suppress evidence by failing to disclose evidence to which the defendant had access through other channels.

See United States v. Cheatham, 899 F.2d 747, 752-53 (8th Cir. 1990) (no Brady violation where defense counsel was aware of witness's existence and was not prevented from speaking with her). Movant had access to Ms. Dyer. Ms. Dyer was movant's girlfriend and the mother of his child. She was defendant's co-defendant with whom he was arrested in the van with virtually all the ingredients for manufacturing methamphetamine. Movant was aware of the testimony to which Ms. Dyer could truthfully testify.[1] If movant believed Dyer's testimony would have been exculpatory based on the facts, he would have called her to testify. He did not. Further, the government actually compelled Ms. Dyer to be present at trial. Defendant was aware of this. As indicated by the affidavit of Ms. Dyer's counsel, Daniel Cornacchione, he observed Ms. Dyer talking with members of movant's family at the trial. See Govt. Resp., Ex. 2, Cornacchione Aff. at ¶ 4. Defense counsel was aware of Ms. Dyer's existence and was not prevented from speaking with her. For this reason alone, movant's claim is without merit. See Cheatham, 899 F.2d at 752-53.

To succeed on this claim, movant must also establish that "the evidence was material to either his guilt or his punishment." Mandacina, 328 F.3d at 1001. To establish materiality, movant must show there is a reasonable probability that if the evidence had been disclosed at trial the result of the proceeding would have been different. Id. Assuming movant's assertion that the government failed to disclose his girlfriend's exculpatory testimony is true, movant has failed to establish that a reasonable probability exists that the result of the trial would have been different had this information been disclosed.

---

[1] In fact, in its response to the motion, the government cites to many letters between movant and Ms. Dyer in which movant discusses how Ms. Dyer should testify. See Govt. Resp. at 31 ("Just testify for me on the ammunition Deal and Stick to what you told them Before. And on the Meth Deal Just tell them that you don't know How that shit got into the van. . . . Please Do as I ask you and I will Beat this.")

Substantial testimony at trial established that Taylor had participated in buying the pills and knew of their existence. Paula Welch testified that on the night of December 6, 2004, she had spent the evening at her parents' residence in Caruthersville, Missouri. See Trial Tr. at Vol II. 45. At approximately midnight, she recalls that Taylor and Theresa Dyer came to the residence driving a white van. When she went out to the van, Taylor told her they had just returned from Memphis where they had obtained a thousand or more pills. Ms. Welch saw the pseudoephedrine pills, which were in a Walgreen's bag that Taylor showed her. Id. at 47-48.

A second witness, Betty McClemore, testified at trial that on December 6, 2004, she was at her mother's house and recalled Taylor coming over around midnight. When she went outside to see him, she saw Taylor in the van with Theresa Dyer. Taylor said that he and Theresa had been to a Walgreen's in Memphis buying pills. He showed her the pills, which were contained in a bag. He told her that they had about 1,200 pills. Id. at 81-83.

Both women also testified that they had traveled to Memphis, Tennessee with Taylor on prior occasions to purchase ephedrine pills. Ms. Welch testified that she, Taylor, and three others bought the ephedrine pills from different places. She stated that Taylor provided her with the money to buy the pills, and that the pills were given to Taylor after the purchase. Id. at 56-57. Ms. McClemore testified that approximately two weeks before Taylor was arrested on December 6, 2004, she had received a call from Taylor and Ms. Dyer, who stated that they were in Arkansas and asked that she come to where they were. Ms. McClemore testified that when she arrived in Arkansas and met Taylor, he told her that they had been to Memphis buying pills and she saw a quantity of the pseudoephedrine pills in the glove box of the car. Id. at 88. This evidence could be considered by the jury to decide whether Taylor had a common plan or knowledge of the pills on December 6, 2004. Id. at 52.

Based on the testimony of Ms. Welch and Ms. McClemore, there was substantial evidence that Taylor was involved in the purchasing of the pills on December 6, 2004. Moreover, there was substantial evidence that he had purchased pills in the past in much the same manner as that alleged on December 6, 2004. Therefore, even assuming the government had withheld Ms. Dyer and her supposed exculpatory testimony, movant has failed to establish that a reasonable probability exists the result of the trial would have been different had this information been disclosed. As a result, movant is not entitled to relief on this claim.

Further, the claim is procedurally barred because movant did not raise it on direct appeal and has not shown cause or prejudice for his failure to do so. United States v. Frady, 456 U.S. 152 (1982).

Ground II

In Ground II, movant argues that trial counsel was rendered ineffective (1) by the government's failure to disclose the exculpatory statements of his girlfriend, Ms. Dyer; (2) by failing to move for dismissal of the charges when the trial court violated the Speedy Trial Act; (3) for failing to object to the admission of testimony that movant had been in possession of an SKS rifle; and (4) for failing to submit a jury instruction on a claim that the indictment was constructively amended or that there was a variance. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel failed to exercise reasonable diligence and skill, and that petitioner was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). If there is no merit to a claim, failure to raise it on appeal does not result in ineffective assistance under Strickland. Garrett, 78 F.3d at 1305.

### Government's Alleged Failure to Disclose Statements of Ms. Dyer

First, plaintiff claims that the government's failure to disclose the exculpatory evidence of Ms. Dyer rendered his trial counsel ineffective. This claim is simply a restatement of the allegation of governmental misconduct alleged in Ground I. As discussed previously, Ground I is without merit. Accordingly, movant's claim of ineffective assistance of counsel based on the misconduct alleged in Ground I is without foundation and without merit. Taylor cannot show his counsel failed to exercise diligence and skill, and he cannot show resulting prejudice.

### Speedy Trial Violation

Movant next claims counsel was ineffective for failing to move for dismissal of the charges for violation of the Speedy Trial Act, 18 U.S.C. § 3161. This claim appears to be based on movant's observation that his case was not brought to trial within 70 calendar days of his arraignment. Movant does not account for excludable days under § 3161(h). Section 3161(h)(1) states that one such period of excludable delay is "any period of delay resulting from other proceedings concerning the defendant." The section lists ten specific instances of delay that would be considered delays resulting from proceedings concerning the defendant. Among these excludable reasons for delay are any delay resulting from any pretrial motion, "from the filing of the motion to the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F). Another excludable delay is any delay during which any proceeding concerning the defendant is actually under advisement by the court. See 28 U.S.C. § 3161(h)(1)(J).

From the date of the initial indictment in this case and the beginning of trial, 23 motions were filed. The first motion was filed on December 6, 2004 and the last motion was filed on June 13, 2005, the day of trial. The only non-excludable speedy trial time that elapsed was the date of the adopting of the final Report and Recommendation on May 31, 2005 and the beginning of the trial on June 13,

2005, a total of 12 days. Accordingly, movant cannot show any Speedy Trial Act violation, and therefore there is no merit to his claim of ineffective assistance of counsel in that regard.

*Failure to Object to Evidence that Taylor Possessed an SKS Rifle*

Next, Taylor claims trial counsel was ineffective for failing to object to the testimony that he possessed a SKS rifle. He claims such evidence should not have been admitted because he was not charged with possession of the rifle, and the government did not prove his possession of the weapon beyond a reasonable doubt. As stated above, to prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show that counsel failed to exercise reasonable diligence and skill, and that petitioner was prejudiced thereby. Strickland, 466 U.S. at 687.

Taylor cannot satisfy the first prong of the Strickland analysis because he cannot show trial counsel failed to exercise reasonable diligence and skill in failing to object to evidence of the SKS rifle. The evidence that Taylor possessed the SKS rifle was admissible pursuant to the Federal Rules of Evidence. As the Eighth Circuit discussed in United States v. Taylor, to prove the possession of ammunition charge, the government presented evidence showing Taylor lived in the residence where the ammunition was found and had possessed the gun that used that particular ammunition. United States v. Taylor, 2006 WL 1069545 at *1. "The gun evidence was simply additional proof that he knowingly possessed the ammunition." Id. at *1. This evidence was relevant and admissible pursuant to Federal Rule of Evidence 402 and did not fall under any exclusion for relevant evidence. Because the evidence was admissible, Taylor cannot establish that his counsel was not diligent or lacked skill for failing to object to the introduction of this evidence. Taylor cannot meet the requirements of Strickland.

*Failure to Submit Jury Instruction Regarding Claim that Indictment Was Constructively Amended or that There Had Been a Variance*

Taylor argues counsel was ineffective for failing to submit a jury instruction on a claim that the indictment was constructively amended or that there had been a variance. This argument was presented to, and rejected by, the Eighth Circuit on direct appeal. The Eighth Circuit ruled that there was no variance between the indictment and the proof, nor was the indictment constructively amended. See United States v. Taylor, 2006 WL 1069545 at *1. The Court of Appeals found the argument without merit, and therefore Taylor cannot establish that his counsel was ineffective for failing to raise this argument.

Ground III

In his final claim for relief, Taylor argues that the United States Supreme Court struck down the Federal Sentencing Guidelines in United States v. Booker, 543 U.S. 220 (2005), and therefore movant could be exposed to no penalty for his offense. He states that "[the Supreme Court] struck down the only penalties to which Congress had made applicable to those who committed their offenses prior to January 12, 2005." He states that "there can be no penalty" for his crime and the Court "may not enact an 'advisory only' application of the Guidelines" and "there is no penalty that Movant could be exposed to for his offense." Mot. at 7-8.

Contrary to movant's argument, Booker did not eliminate the penalties applicable to defendants who committed their offenses prior to January 12, 2005. The Supreme Court's holding in Booker was summarized by the Eighth Circuit in United States v. Idriss, 436 F.3d 950-51 (8th Cir. 2006):

> In Blakely, the Supreme Court held that a court cannot enhance a sentence beyond the statutory maximum based on judicial findings that were neither admitted by the defendant nor found by a jury beyond a reasonable doubt. 542 U.S. at 303–04; cf. Apprendi v. New Jersey, 530 U.S. 466 (2000) (holding that any fact that increases a sentence beyond the prescribed statutory maximum must be proven beyond a reasonable doubt to a jury). In Booker, the Supreme Court extended Blakely's holding to the federal guidelines, holding that they run "afoul of the Sixth Amendment insofar as the scheme [is] based on certain facts found by the sentencing judge" and

> requires the judge "to impose a more severe sentence than could have been imposed based on facts found by the jury or admitted by the defendant." United States v. Marcussen, 403 F.3d 982, 983 (8th Cir. 2005) (citing Booker, 125 S. Ct. at 750). A district court may, however, enhance a defendant's sentence based on its own fact findings so long as the district court recognizes the guidelines scheme to be merely advisory and does not enhance the sentence beyond the statutory maximum. See Booker, 125 S. Ct. at 756–57, 764–68.

United States v. Idriss, 436 F.3d at 950-51. The Booker decision did not eliminate the penalties associated with movant's offense. The penalty provision of 21 U.S.C. § 841(b) was unaffected by this ruling. Consequently, movant's third claim fails.

Accordingly,

**IT IS HEREBY ORDERED** that Eddie Taylor, Jr.'s motion under 28 U.S.C. § 2255 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that Eddie Taylor, Jr.'s request for an evidentiary hearing is **DENIED** as moot. [Doc. 9]

**IT IS FURTHER ORDERED** that Eddie Taylor, Jr.'s motion titled as a motion requesting modification of case management order, which the Court construes as a supplement to his motion under 28 U.S.C. § 2255, is **DENIED** as moot. [Doc. 10]

**IT IS FURTHER ORDERED** that Eddie Taylor, Jr. as not made a substantial showing of the denial of a constitutional right, and therefore this Court will not issue a certificate of appealability.

An appropriate judgment will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of October, 2008.