# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| EDDIE TAYLOR, JR., ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 1:06-CV-182 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This closed habeas matter is before the Court on movant's pro se Motion for Relief from Judgment and Order Pursuant to Rule 60(d). For the following reasons the Court will dismiss movant's motion for lack of jurisdiction, as second or successive habeas petition for which movant failed to obtain authorization from the Eighth Circuit Court of Appeals.

### I. Procedural Background

On March 10, 2005, movant was charged in a superseding indictment with distribution of cocaine base (Count I); possession of pseudoephedrine with intent to manufacture methamphetamine (Count II); attempting to manufacture fifty grams or more of methamphetamine (Count III); and being a felon in possession of ammunition (Count IV). On the day of trial, the government moved to amend the superseding indictment to lessen the amount of methamphetamine charged in Count III from fifty grams or more to five grams or more. See United States v. Taylor, 1:04-CR-213 CAS at Doc. 76. Defense counsel did not object to the amendment, and the Court granted the government's motion. Id. at Docket Text Order dated June 13, 2005.

Count I was severed, and movant proceeded to trial on Counts II, III, and IV of the superseding indictment. On June 14, 2005, a jury found movant guilty on all three counts.

On August 16, 2005, the Court sentenced movant to a term of 210 months for the offense of possession with intent to manufacture methamphetamine, and 240 months for the offenses of attempting to manufacture five grams or more of methamphetamine and being a felon in possession of ammunition. The sentences were ordered to run concurrently. The Court imposed a three-year period of supervised release on Count II, an eight-year period of supervised release on Count III, and a five-year period of supervised release on Count IV.

On December 11, 2005, movant filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, in which he asserted three grounds for relief. The Court denied the motion in all respects. See Order and Judgment of October 17, 2008 (Docs. 24 and 25). The Eighth Circuit denied movant's application for a certificate of appealability and dismissed the appeal. See Taylor v. United States, No. 08-3947 (8th Cir. Sept. 30, 2009).

**II.     Discussion**

On April 3, 2014, movant filed the instant motion titled "(Actual Innocence) Rule 60(d)(1) Motion for Relief from Judgment and Order." In his motion, movant requests that the Court dismiss Count III of his superseding indictment, in which a jury convicted him of attempt to manufacture five grams or more of methamphetamine. He also seeks appointment of counsel and a new trial on Counts II and IV.

Movant argues that the original indictment charged him in Count III with attempt to manufacture five grams or more of methamphetamine; the superseding indictment charged him in Count III with attempt to manufacture fifty grams or more of methamphetamine. On the day of trial, however, when the Court granted the government's motion to amend Count III of the superseding indictment from fifty grams or more of methamphetamine back to five grams or more of

methamphetamine, movant claims a violation of his right to indictment by a grand jury and a violation of his constitutional due process rights.

The text of Rule 60(d) states:

> **(d) Other Powers to Grant Relief**.  This rule does not limit a court's power to:
>
> > (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
> >
> > (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
> >
> > (3) set aside a judgment for fraud on the court.

Rule 60(d), Fed. R. Civ. P.

The Supreme Court has stated that "an independent action should be available only to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998).  To prevent the restrictions of Rule 60 from "be[ing] set at naught," independent actions under Rule 60(d) must "be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." Id. (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944)).  "Rule 60(d) provides for extraordinary relief on a showing of exceptional circumstances." Fox v. Brewer, 620 F.2d 177, 180 (8th Cir. 1980).

As a threshold matter, movant has not filed an independent action, but rather has filed a motion in his closed § 2255 matter.  Movant therefore does not invoke Rule 60(d) and is not entitled to relief under it.  See Bailey v. City of Ridgeland, Miss., 2008 WL 4793738, at *2 (S.D. Miss. Oct. 30, 2008).  More importantly, numerous courts have held that a post-dismissal motion under Rule 60(d) is a second or successive claim for relief under § 2255, for which the movant must obtain

permission from the court of appeals prior to filing in the district court. See United States v. Cone, 525 F. App'x 823, 825 (10th Cir. 2013) (affirming district court's treatment of Rule 60(d)(3) motion as a second or successive habeas application under § 2255, and dismissal of the same for failure to obtain authorization from court of appeals); Nugent v. United States, 255 F. App'x 526, 527 (D.C. Cir. 2007) (per curiam) (affirming district court's treatment of Rule 60(d) independent action as a second or successive application under § 2255, and dismissal of the same for failure to obtain authorization from court of appeals); Gutierrez v. United States, 2013 WL 3380313, at **2-3 (D. Minn. July 8, 2013) (dismissing Rule 60(d)(3) motion as a second or successive habeas petition filed without leave from the Eighth Circuit).

The Court finds that movant's motion under Rule 60(d) is a second or successive motion under § 2255 because it asserts a federal basis for relief from the judgment of conviction. As a result, this Court lacks jurisdiction to address it, and movant must first obtain permission from the Eighth Circuit Court of Appeals before the motion may be filed.

## III. Conclusion

For the foregoing reasons, the Court finds that movant Eddie Taylor, Jr.'s motion for relief from judgment and order pursuant to Rule 60(d)(1) is a second or successive § 2255 motion. Because movant did not obtain prior authorization from the Eighth Circuit Court of Appeals to file this second or successive motion, the is Court must dismiss it for lack of jurisdiction. See Boyd, 304 F.3d at 814.

Accordingly,

**IT IS HEREBY ORDERED** that Eddie Taylor, Jr.'s Motion for Relief from Judgment and Order Pursuant to Rule 60(d)(1) is **DISMISSED** for lack of jurisdiction as a second or successive habeas motion. [Doc. 53]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this 24th day of April, 2014.